Filed 3/22/24  P. v. Wilson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMAR EDWARD WILSON,<br><br>    Defendant and Appellant. | D081652<br><br><br><br>(Super. Ct. No. SCD222818) |


APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Elana Miller, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Jamar Edward Wilson was serving a 22-year prison term for his convictions on two counts of voluntary manslaughter pursuant to his

negotiated guilty plea. In 2023, the trial court vacated the convictions pursuant to Penal Code[1] section 1172.6 and redesignated them as two convictions for assault with a semiautomatic firearm. It then resentenced him to 11 years, selecting the upper term on one of the new convictions.

Wilson contends the trial court erred and violated section 1170, subdivision (b)(2), by imposing the upper term without ordering a jury trial on the aggravating facts. We affirm. Section 1170, subdivision (b)(2), permits courts to rely on aggravating facts to which the defendant stipulated, a condition that was satisfied here because Wilson admitted in his plea agreement the aggravating facts the court used to impose the upper term.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2010, Wilson was charged in an information with two counts of murder (§ 187, subd. (a)), with allegations he committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), he personally used a firearm causing great bodily injury or death (§ 12022.53, subd. (d)), and he was a principal, and a principal personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1)).

In July 2010, pursuant to a negotiated plea agreement that included *Harvey*[2] and *Blakely*[3] waivers, Wilson pled guilty to two counts of voluntary manslaughter (§ 192, subd. (a)) and admitted the truth of the gang enhancement allegations (§ 186.22, subd. (b)(1)), in exchange for a total sentence of between 17 and 32 years and dismissal of the remaining charges.

---

1     Further undesignated statutory references are to the Penal Code.

2     *People v. Harvey* (1979) 25 Cal.3d 754.

3     *Blakely v. Washington* (2004) 542 U.S. 296.

With the assistance of counsel, Wilson executed a written plea form in which he stipulated to the following factual basis for his guilty plea and admissions: "Aided and abet[t]ed for the benefit, at the direction of or in association with a criminal street gang the intentional killing of two people without malice or premeditation and did not personally cause said deaths[.] Stipulate prelim transcript." The trial court also confirmed on the plea form that it had questioned Wilson and his counsel, had accepted Wilson's plea, and had found there was "a factual basis for same." Wilson's counsel as well as the prosecutor likewise signed the plea form to indicate they concurred in Wilson's plea.

At the sentencing hearing, the court sentenced Wilson to an aggregate sentence of 22 years in state prison, consisting of two six-year terms (one for each voluntary manslaughter conviction) plus one 10-year term for the gang enhancement allegation attached to count 1, and dismissed the balance of the charges.[4]

In 2018, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which amended the felony-murder rule to narrow the scope of murder liability for participants in a felony who were not the actual killer, and eliminated the natural and probable consequences theory of liability as a basis for a murder conviction. (Stats. 2018, ch. 1015, § 2; see §§ 188, subd. (a)(3), 189, subd. (e).) Senate Bill 1437 also added a statute that set forth a procedure for qualifying defendants to petition the sentencing court to have his or her murder conviction vacated and to be resentenced. (Stats. 2018, ch. 1015, § 4; former § 1170.95.) This statute was later amended

---

[4]     The trial court struck the gang enhancement allegation attached to count 2 "because both deaths were under one transaction and all under the gang culture."

3

to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (*People v. Porter* (2022) 73 Cal.App.5th 644, 651–652; see Stats. 2021, ch. 551, § 1.)

In April 2022, Wilson filed a petition for resentencing pursuant to former section 1170.95, later renumbered as section 1172.6 (Stats. 2022, ch. 58, § 10),[5] challenging the validity of his voluntary manslaughter convictions. The trial court appointed counsel and, after the parties stipulated there was a prima facie case for relief, set the matter for an evidentiary hearing.

In subsequent briefing, the prosecution stated it was electing to waive its right to an evidentiary hearing in favor of asking the court to vacate Wilson's voluntary manslaughter convictions and redesignate them as two convictions for assault with a semiautomatic firearm (§ 245, subd. (b)). The prosecution based its redesignation request on Wilson's record of conviction, including his guilty plea as well as portions of his preliminary hearing transcript establishing that the victims of the voluntary manslaughter convictions were shot with a semiautomatic pistol, as well as on case law holding that section 1172.6 authorizes trial courts to redesignate murder convictions as uncharged felonies and to sentence the petitioner on the redesignated crimes. (See § 1172.6, subd. (e) [providing that "[t]he petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes if the petitioner is entitled to relief pursuant to this section, murder or attempted murder was charged

---

5      For clarity, we will simply refer to section 1172.6.

4

generically, and the target offense was not charged"]; *People v. Silva* (2021) 72 Cal.App.5th 505, 519–520 [a resentencing court may "redesignate a vacated murder conviction as a lesser offense commensurate with [the petitioner's] participation in the underlying felony, not just generically, but with the petitioner's individual culpability in mind based on the evidence at trial"]; accord *People v. Howard* (2020) 50 Cal.App.5th 727, 738–740; *People v. Watson* (2021) 64 Cal.App.5th 474, 485–489.)

The prosecution further asked the trial court to impose the upper term of nine years in state prison on the first count, and two years in state prison (one-third the middle term of six years) on the second count. (See § 245, subd. (b) [assault with a semiautomatic firearm punishable by three, six, or nine years in state prison].) As for the gang enhancement, the prosecution asserted, "The gang allegations . . . must be vacated by operation of law, pursuant to Assembly Bill [No.] 333 [(2021–2022 Reg. Sess.) (Assembly Bill 333)]."[6]

At the scheduled evidentiary hearing, the prosecution reiterated its decision to seek redesignation and resentencing in lieu of an evidentiary hearing. The defense conceded the prosecution was authorized "to waive evidentiary hearing and get to resentencing," although the defense asked the

---

[6]    Assembly Bill 333, which went into effect January 1, 2022, created "new substantive and procedural requirements for imposing gang enhancements." (*People v. Ramos* (2022) 77 Cal.App.5th 1116, 1125; see *id.* at pp. 1126–1127 [Assem. Bill 333 applies retroactively].) Among other things, Assembly Bill 333 narrowed the definition of "criminal street gang," revised section 186.22 to create more stringent requirements regarding the predicate offenses that make up a "pattern of gang activity," and redefined the section 186.22 phrase "to benefit, promote, further, or assist" to mean "to provide a common benefit to members of a gang where the common benefit is more than reputational." (See *Ramos*, at pp. 1125–1126 [listing changes to gang enhancement law made by Assembly Bill 333].)

court to simply vacate the voluntary manslaughter convictions with no redesignation.

After hearing the arguments of the parties, the trial court vacated Wilson's two voluntary manslaughter convictions and redesignated them as two counts of conviction for assault with a semiautomatic firearm in violation of section 245, subdivision (b). The court found the entirety of the record, including the preliminary hearing transcript and change of plea form, supported the redesignations. Citing Assembly Bill 333, the court further stated the gang allegations were vacated "by operation of law."

Turning to resentencing, the prosecution argued an upper term sentence was supported by two aggravating factors—first, the assaults "ended in the death of two people, which would constitute great violence," and second, "the vacated . . . gang allegation." The defense asked for the middle or low term, arguing that "[p]ursuant to [section] 1170(b)(2), the circumstances in aggravation need to be either stipulated to by the defendant or found true beyond a reasonable doubt by the jury or a trial judge," and that although "the death was an element of the voluntary manslaughter," "the death and the gang allegation are not the type of proof contemplated for [section] 1170(b)(2)."

The trial court selected the upper term of nine years for the first count of assault with a semiautomatic firearm. It explained: "[I]t does appear to the [c]ourt, under . . . [s]ection 1170(b)(2) that there are sufficient aggravating factors to order the upper term in state prison. [¶] The reason I say that is this particular case, having reviewed the record, having found beyond a reasonable doubt that [c]ounts 1 and 2 be redesignated, based upon the facts in evidence in the case, pursuant to . . . [s]ection 245(b). In this particular case, there are sufficient aggravating factors as a result of the

6

defendant's use or aiding and abetting the use pursuant to . . . [s]ection 245(b) of a semiautomatic firearm. Two individuals were killed as a result of the discharged weapon. And there is evidence that the defendant did so in order to -- as a documented gang member, in order to facilitate and encourage the motives of the gang."

On the second count of assault with a semiautomatic firearm, the trial court imposed a consecutive two-year term. The total sentence was 11 years in state prison.[7]

## DISCUSSION

Wilson contends the trial court erred and violated section 1170, subdivision (b)(2), by imposing the upper term on count 1 because it relied on facts in aggravation that were neither admitted by him nor found true beyond a reasonable doubt by a trier of fact. On our de novo review (*People v. Bell* (2015) 241 Cal.App.4th 315, 341 [de novo standard of review governs application of law to undisputed facts]), we reject his contention and affirm the judgment.

Under section 1170, subdivision (b)(1), "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." Paragraph (2) provides, as relevant here, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding

---

[7] The trial court declined to calculate Wilson's custody credits, stating "we will leave the credit calculation to the state prison system." In supplemental briefing, the parties inform us that Wilson has been released from custody and awarded his proper custody credits.

the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

Wilson asserts a violation of section 1170, subdivision (b)(2). The parties dispute whether this provision applies to a section 1172.6 resentencing proceeding. We need not resolve this dispute, because even if we assume section 1170, subdivision (b)(2), governs the trial court's authority to impose the upper term at a resentencing conducted pursuant to section 1172.6, Wilson fails to establish the trial court violated its requirements.

At the heart of Wilson's claim of sentencing error is the following assertion: "The trial court imposed the upper term because: (1) appellant used a semi-automatic firearm or aided and abetted a person who used it [fact (1)]; (2) two individuals were killed [fact (2)]; and (3) appellant committed the crimes to benefit a gang [fact (3)]." We disagree that the court relied on fact (1), and find no error in the trial court's reliance on facts (2) and (3), when it chose the upper term.

Wilson objects to the trial court's supposed reliance on fact (1) on the ground the same fact was an element of the redesignated offenses and was therefore not a proper basis for increasing his sentence. (See Cal. Rules of Court, rule 4.420(h) ["A fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term."].) We do not read the court's explanation of its reasons for imposing the upper term as encompassing this fact. It is true the court stated, "In this particular case, there are sufficient aggravating factors as a result of the defendant's use or aiding and abetting the use pursuant to . . . [s]ection 245(b) of a semiautomatic firearm." However, it is clear from the court's words as well

8

as their context that it was merely explaining why the factors it found aggravating (death of the two victims, fact (2), and benefitting a gang, fact (3), were related to the redesignated assault with a firearm offense. (See Cal. Rules of Court, rule 4.421 [listing factors "relating to" the crime as circumstances in aggravation].) It was not also relying on the offense elements to aggravate his term.

With respect to fact (2), Wilson makes the following argument: "Appellant did not stipulate that two individuals were killed and the trial court did not make that finding of fact." But his assertion that he "did not stipulate that two individuals were killed" is unexplained, and we disagree with it. In his plea agreement, Wilson admitted he aided and abetted "the intentional killing of two people." The agreement was signed by Wilson, his counsel, the prosecutor, and the trial judge. The record thus squarely refutes Wilson's assertion he did not stipulate that two individuals were killed. We therefore reject his contention that the proof requirements of section 1170, subdivision (b)(2), were not satisfied with respect to this fact.

With respect to fact (3), Wilson's argument is simply: "These findings were vacated." He appears to be referring to the trial court's striking of the gang enhancement allegations. However, although the court struck the allegations "by operation of law" due to the enactment of Assembly Bill 333, it did not vacate or otherwise disturb Wilson's underlying admission in his plea agreement that he acted "for the benefit, at the direction of or in association with a criminal street gang." This admission was sufficient to satisfy the proof requirements of section 1170, subdivision (b)(2), with respect to this fact.

Wilson raises an additional objection to the trial court's reliance on fact (3) to impose the upper term. He cites *People v. Arellano* (2022) 86

9

Cal.App.5th 418, 436, review granted Mar. 15, 2023, S277962 (*Arellano*), in which the court held that subdivision (e) of section 1172.6 does not permit a resentencing court to include a dismissed firearm enhancement in the redesignated offense for purposes of resentencing. (See § 1172.6, subd. (e) ["The petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes if the petitioner is entitled to relief pursuant to this section, murder or attempted murder was charged generically, and the target offense was not charged."].) Wilson argues the trial court circumvented this limitation by relying on the facts underlying his stricken gang enhancement to impose the upper term.

*Arellano* does not help Wilson. The *Arellano* court's holding was based on the phrase "target offense or underlying felony" in section 1172.6, subdivision (e), which the court concluded "does not authorize a court to include a sentence enhancement when it redesignates a vacated conviction as the target offense or underlying felony for resentencing purposes under that subdivision." (*Arellano*, *supra*, 86 Cal.App.5th at p. 437, review granted.) The court reasoned "[b]y directing that the vacated conviction shall be redesignated only 'as the target offense or underlying felony for resentencing purposes' [citation] and failing to mention sentence enhancements, the Legislature spoke to both redesignation of the conviction and resentencing for that conviction" and "limit[ed] resentencing to the target offense or underlying felony." (*Id.* at p. 436.) Here, by contrast, the upper term of nine years is within the sentencing triad set forth in section 245, subdivision (b), as punishment for that offense. (See § 245, subd. (b) ["Any person who commits an assault upon the person of another with a semiautomatic firearm shall be punished by imprisonment in the state prison for three, six, or nine years."].) In sentencing Wilson to a nine-year term, the court did not impose

10

punishment beyond that contemplated by the redesignated target offense or underlying felony. Moreover, sentencing courts are permitted to consider as matters in aggravation any factors "that reasonably relate to the defendant or the circumstances under which the crime was committed." (Cal. Rules of Court, rule 4.421(c).) The trial court's reliance on the gang benefit of Wilson's crime to aggravate his term falls within the broad discretion accorded by this rule.

Wilson thus fails to establish that the trial court relied on fact (1) to impose the upper term, or that its reliance on facts (2) or (3) ran afoul of the requirements of section 1170, subdivision (b)(2). Because the essential premise of his appellate challenge fails, we affirm the judgment without addressing the parties' remaining arguments with respect to Wilson's right to a jury trial on aggravating facts used to impose an upper term sentence in a resentencing proceeding under section 1172.6, and whether the deprivation of a jury trial was prejudicial.

DISPOSITION

The judgment is affirmed.

DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.

11